```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY

GERALD H. HINES,              :    Civil Action No. 07-966(NLH)
      Plaintiff,              :
                              :
   v.                         :    OPINION
                              :
RIMTEC CORPORATION,           :
      Defendant.              :
```

**APPEARANCES:**

Gerald H. Hines
229 South Church Street
1st Floor
Moorestown, NJ 08057

    *Pro Se*

Lawrence B. Berg, Esquire
Marshall, Dennehey, Warner, Coleman and Goggin
Woodland Falls Corporate Park
200 Lake Drive East - Suite 300
PO Box 5049
Cherry Hill, NJ 08002-5049

    *Attorney for Defendant*

**HILLMAN,** District Judge

    This matter has come before the Court on Defendant's motion to dismiss Plaintiff's discrimination and retaliation claims against it. For the reasons expressed below, Defendant's motion will be granted in part and denied in part.

**BACKGROUND**

    Plaintiff, Gerald Hines, *pro se*, claims in his Complaint that Defendant, Rimtec Corporation, his employer, discriminated against him due to his disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq., and due to his race, in violation of Title VII of the Civil Rights

Act of 1964 ("Title VII").  Plaintiff also claims that Defendant retaliated against him for filing a worker's compensation benefits claim, and discriminated against him by not providing worker's compensation benefits.[1]  Plaintiff lists twelve dates from December 2003 through April 2006 as the time frame for the alleged discrimination.[2]

Plaintiff has not further explained his claims, except that he has attached to his Complaint a copy of his previously-filed claim with the Equal Employment Opportunity Commission ("EEOC"), as well as a copy of the EEOC's investigation and decision.  In his EEOC complaint, Plaintiff claimed that he was terminated from employment on June 18, 2004 because of his race, and not because he tested positive for drugs for a second time in two months.  He further contended in his EEOC complaint that a Caucasian coworker

---

[1] Plaintiff also claims "failure to make whole according to Arbitration Award."  (Compl. at 3.)  This one statement is the only expression of this claim, and no where in his supplemental submissions or proposed amendments does he further elaborate on this claim.  Defendant has not moved to dismiss this claim, and Plaintiff has not requested to amend it.  However, to the extent that such a claim exists, the Court will dismiss it *sua sponte* because it is insufficient under Rule 8(a)(2), which provides, "A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  See Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980) (holding that a "district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action").

[2] It appears from Plaintiff's submissions that during this time period, he was fired from Rimtec on June 18, 2004, and re-hired again at some point prior to December 2005.

2

who allegedly also tested positive for drugs a second time was not fired. The EEOC made a finding of no probable cause to credit the allegations in Plaintiff's complaint, and issued a notice of Plaintiff's right to sue.

Defendant has moved to dismiss Plaintiff's Complaint pursuant to Federal Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Specifically, Defendant contends that Plaintiff's ADA claim fails because he has not stated what his disability is, or how Defendant discriminated against him due to his alleged disability. Defendant also contends that Plaintiff's Title VII claim fails because he has not alleged, and he cannot prove, a *prima facie* claim of discrimination. Additionally, Defendant argues that Plaintiff's claims regarding his worker's compensation claim must be dismissed because they are not the real party in interest.

Plaintiff has opposed Defendant's motion, and has filed what the Court construes to be an opposition to the motion, as well as a motion to amend his Complaint in order to cure the defects raised by Defendant. See Estelle v. Gamble, 429 U.S. 97, 107 (1976) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). The claims in Plaintiff's Complaint, as well as his proposed amendments to those claims, will be analyzed in turn.

**DISCUSSION**

**A.    Motion to Dismiss Standard**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'"  Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007)

(quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)).  A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice.  Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).  If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

    **B.**    **Motion to Amend Complaint Standard**

Federal Civil Procedure Rule 15(a) provides that a party may amend his pleading "once as a matter of course at any time before a responsive pleading is served."  If a defendant has already

filed his answer or otherwise responded to the Complaint, leave to amend is freely given in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment.  Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

**C.   Analysis**

    **1.   *ADA claim***

In his Complaint, Plaintiff states that Defendant discriminated against him based on his disability, but Plaintiff does not explain the nature of his claimed disability.  The EEOC documents attached to his Complaint are similarly silent as to Plaintiff's disability.

In order to establish a claim under the ADA, a plaintiff must have a disability, which is defined as:

> (a) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
> (b) a record of such an impairment; or
> (c) being regarded as having such an impairment.

42 U.S.C. § 12102(2).  Based on his Complaint, Plaintiff's ADA claim fails because he has not indicated what his impairment is.  In his submissions to the Court, however, Plaintiff clarifies that his "disability" is a shoulder injury sustained on December 13, 2005 while he was working at Defendant Rimtec.  For this injury, he seeks "job reinstatement, compensatory and punitive damages, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life.  Demand $100,000.00."  (Pl.'s

Ex. C.)

In order to determine whether this proposed amendment to Plaintiff's Complaint shall be permitted, it must be determined whether this amendment would be futile--that is, whether this amendment would save Plaintiff's ADA claim.[3]  To make out a *prima facie* case of disability discrimination under the ADA a plaintiff must establish that he (1) has a "disability," (2) is a "qualified individual," and (3) has suffered an adverse employment action because of that disability.  <u>Buskirk v. Apollo Metals</u>, 307 F.3d 160, 166-69 (3d Cir. 2002) (citation omitted). Plaintiff's amendment to his Complaint to clarify the nature of his disability does not save his claim because his Complaint would still lack the basic allegations that would be necessary to establish a *prime facie* case under the ADA.

First, Plaintiff has failed to allege how his shoulder injury is a disability under the ADA--he has not alleged how it is "a physical . . . impairment that substantially limits one or more of [his] major life activities."  Second, even if his shoulder injury could be considered a "disability," he has not alleged that he is a qualified individual under the ADA. "Qualified individual" is defined as one "who, with or without reasonable accommodation, can perform the essential functions of

---

[3]There is no evidence warranting the analysis of the existence of undue delay, bad faith, dilatory motive, or unfair prejudice.

the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).  The EEOC regulations divide this inquiry into two parts: (1) whether the individual has the requisite skill, experience, education and other job-related requirements of the position sought, and (2) whether the individual, with or without reasonable accommodation, can perform the essential functions of that position.  29 C.F.R. § 1630.2(m).  A plaintiff bears the burden of proving that an effective accommodation exists that would render him otherwise qualified.  <u>Walton v. Mental Health Ass'n. of Southeastern Pennsylvania</u>, 168 F.3d 661, 670 (3d Cir. 1999).  In his request to amend his Complaint, Plaintiff has not indicated the specific job he wishes to perform for Defendant, and he has not stated that he is otherwise qualified for that job.

Finally, Plaintiff has not alleged that he has suffered an ADA-defined "adverse employment action" as a result of his shoulder injury.[4]  Under the ADA, an adverse employment action includes, "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless [the employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business

---

[4] The gravamen of Plaintiff's Complaint and proposed amendments is that Defendant fired him because of his race, and not because of his shoulder injury.

of such [employer]." 42 U.S.C. § 12112(b)(5)(A). A plaintiff bears the burden of identifying an accommodation, the costs of which, facially, do not clearly exceed its benefits. <u>Walton</u>, 168 F.3d at 670.

Plaintiff has not alleged that Defendant has failed to make a reasonable accommodation with regard to his shoulder injury. The only claim that can be construed regarding Plaintiff's shoulder injury is that Defendant failed to provide him with worker's compensation, which is a distinct issue from an ADA claim. Consequently, Plaintiff's request to amend his Complaint to identify his on-the-job shoulder injury as his disability would be futile because his Complaint would still fail to state a claim under the ADA. Accordingly, Plaintiff's ADA claim must be dismissed.

### 2.  *Title VII claim*

In his Complaint, Plaintiff claims that he was discriminated against because of his race. Plaintiff does not elaborate on this claim in the body of his Complaint, but in his EEOC filings, which are attached to his pleading, Plaintiff claimed that he was terminated from employment on June 18, 2004 because of his race, and not because he tested positive for drugs for a second time in two months. He further contended in his EEOC complaint that a Caucasian coworker who allegedly also tested positive for drugs twice was not fired.

In his request to amend his Complaint, Plaintiff further

9

explains, "With regard to racial discrimination charge under Title VII of the Civil Rights Act 1964 as amended; I am of a protected class black.  I was the only black man employed as a Chemical Mixer in Rimtec.  I've furnished a few names of similarly situated white co-workers to support my claim; Tim Legore, Duane Stevenson, and James Stewart."  (Pl.'s Opp., Docket No. 7.)  Thus, it must be determined whether Plaintiff's original Complaint states a claim under Title VII, and whether Plaintiff's amendment should be permitted.

Title VII prohibits employment discrimination on the basis of race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2.  It also prohibits any form of retaliation based on an employee's opposition to discriminatory practices made unlawful under the statute.  42 U.S.C. § 2000e-3; see also Petruska v. Gannon Univ., 462 F.3d 294, 303 (3d Cir. 2006); Davis v. Glanton, 107 F.3d 1044, 1052 (3d Cir. 1997).  In order to establish a *prima facie* case of discrimination, a plaintiff must provide sufficient evidence that he was: (1) a member of a protected class, (2) qualified for the position he sought, and (3) nonmembers of the protected class were treated more favorably.  Goosby v. Johnson & Johnson Medical, Inc., 228 F.3d 313, 318-19 (3d Cir. 2000) (citation omitted).

Plaintiff's Title VII claim cannot be dismissed at this time.  As stated above, Plaintiff's *pro se* Complaint must be construed liberally.  Further, in considering a motion to

10

dismiss, the Court may consider documents attached to a pleading, such as Plaintiff's EEOC filings. Thus, construing the claims made in his EEOC complaint as claims against Defendant in this action, and viewing them in the light most favorable to Plaintiff as required when considering a motion to dismiss, Plaintiff has pleaded a *prima facie* case under Title VII:  (1) he states he is a member of a protected class, (2) he was qualified for his position because he had been employed in that job since 2003, and (3) he has alleged that nonmembers of a protected class were treated more favorably. Even though the merits of these allegations may be challenged by Defendant, these claims are sufficient to withstand Defendant's Rule 12(b)(6) motion to dismiss. Additionally, Plaintiff's amendment to his Title VII claim will also be permitted.

### 3. *Worker's compensation discrimination claim*

To the extent that Plaintiff's Complaint can be construed to assert a discrimination and retaliation claim concerning his application for worker's compensation benefits, Plaintiff has not alleged any detail regarding his conclusory statement that Defendant retaliated against him for filing a worker's compensation claim and that Defendant failed to provide worker's compensation to him. In his request to amend his Complaint, Plaintiff attempts to elaborate on his claim, stating that Defendant denies "workers compensation claims at a higher rate among non-white employees," and he refers to grievance reports he

11

filed with his union, which are attached to his pleading amendments. (Pl.'s Opp. Ex. C and D.)

Although not cited by Plaintiff, New Jersey law provides,

> It shall be unlawful for any employer or his duly authorized agent to discharge or in any other manner discriminate against an employee as to his employment because such employee has claimed or attempted to claim workmen's compensation benefits from such employer, or because he has testified, or is about to testify, in any proceeding under the chapter to which this act is a supplement. For any violation of this act, the employer or agent shall be punished by a fine of not less than $100.00 nor more than $1,000.00 or imprisonment for not more than 60 days or both. Any employee so discriminated against shall be restored to his employment and shall be compensated by his employer for any loss of wages arising out of such discrimination; provided, if such employee shall cease to be qualified to perform the duties of his employment he shall not be entitled to such restoration and compensation.

N.J.S.A. 34:15-39.1; see also Lally v. Copygraphics, 428 A.2d 1317, 1318 (N.J. 1981) ("[T]here exists a common law cause of action for civil redress for a retaliatory firing that is specifically declared unlawful under N.J.S.A. 34:15-39.1 and 39.2.").

Thus, in theory, Plaintiff may assert a claim regarding worker's compensation discrimination, but Plaintiff has failed to do so against Defendant. First, Plaintiff's original Complaint consists of one conclusory allegation that Defendant discriminated against him with regard to his worker's compensation benefits. This allegation is insufficient to give Defendant fair notice of what his claim is and the grounds upon

which it rests.

Second, Plaintiff's proposed amendment, which Plaintiff requests the Court to extrapolate from his union grievances, does not state a claim against Defendant Rimtec.  Plaintiff states that "Tokio Marine" denied his claims, and that Tokio Marine commits "insurance fraud for the purpose of keeping work related injuries artificially low."  (Pl.'s Opp., Ex. D.)  These claims do not allege any discriminatory or retaliatory conduct against Defendant.  Consequently, Plaintiff's claims regarding his worker's compensation benefits must be dismissed.

## **CONCLUSION**

For the reasons expressed above, Plaintiff's claims under the ADA and for worker's compensation discrimination must be dismissed for failure to state a claim.  Plaintiff's claims under Title VII may proceed.  An appropriate Order will issue.


Dated: August 10, 2007              s/ Noel L. Hillman

At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

13