```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

GERALD H. HINES,                :    Civil Action No. 07-966(NLH)
      Plaintiff,         :
                                :
   v.                          :    **OPINION**
                                :
RIMTEC CORPORATION,             :
      Defendant.         :

**APPEARANCES:**

Gerald H. Hines
229 South Church Street
1st Floor
Moorestown, NJ 08057

   *Pro Se*

Lawrence B. Berg, Esquire
Marshall, Dennehey, Warner, Coleman and Goggin
Woodland Falls Corporate Park
200 Lake Drive East - Suite 300
PO Box 5049
Cherry Hill, NJ 08002-5049

   *Attorney for Defendant*

**HILLMAN**, District Judge

     This matter has come before the Court on Plaintiff's motion for reconsideration of the Court's August 10, 2007 Opinion and Order dismissing Plaintiff's Americans with Disabilities Act ("ADA") claim and Plaintiff's claim for worker's compensation discrimination.  Plaintiff, proceeding *pro se*, claimed in his Complaint that Defendant, Rimtec Corporation, his employer, discriminated against him due to his disability, in violation of the ADA, 42 U.S.C. § 12101, et seq., and due to his race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").  Plaintiff also claimed that Defendant retaliated against

him for filing a worker's compensation benefits claim, and discriminated against him by not providing worker's compensation benefits. Plaintiff listed twelve dates from December 2003 through April 2006 as the time frame for the alleged discrimination.

In the August 10, 2007 Opinion, the Court dismissed Plaintiff's ADA claim, and denied what the Court construed as Plaintiff's request to amend his ADA claim, because neither his original pleading nor his proposed amended pleading asserted the basic allegations that would be necessary to establish a *prime facie* case under the ADA. The Court also dismissed Plaintiff's claims, and denied his perceived request to amend his pleading, regarding worker's compensation discrimination because those claims did not allege any discriminatory or retaliatory conduct against Defendant. Plaintiff's Title VII claims, however, survived Defendant's motion.

Following the issuance of the Order and Opinion, Plaintiff filed what the Court has construed to be a motion for reconsideration of the dismissal of Plaintiff's ADA and worker's compensation claims. Local Civil Rule 7.1(i) governs a motion for reconsideration. It provides, in relevant part, that "[a] motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which

2

the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion." The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Id.

Here, Plaintiff has not shown that the Court's decision must be reconsidered. First, to support his contention that his ADA claim should be reinstated, Plaintiff has recited his medical treatments since he sustained his back and shoulder injuries, and has attached copies of some of his medical records. Based on this recitation of his medical care, Plaintiff states that he can be "regarded as" disabled, and as such, he has stated a claim under the ADA. This argument, however, does not demonstrate how the Court made an error in dismissing his ADA claim. To make out a *prima facie* case of disability discrimination under the ADA a plaintiff must establish that he (1) has a "disability," (2) is a "qualified individual," and (3) has suffered an adverse employment action because of that disability. Buskirk v. Apollo Metals, 307 F.3d 160, 166-69 (3d Cir. 2002) (citation omitted).

3

The Court held that Plaintiff's ADA claim failed because he had not alleged the basic allegations that would be necessary to establish a *prime facie* case under the ADA.  Specifically, the Court held that Plaintiff had failed to allege how his shoulder injury is a disability under the ADA, but even if his shoulder injury could be considered a disability, he had not alleged that he is a qualified individual under the ADA, or that he had suffered an ADA-defined "adverse employment action" as a result of his shoulder injury.  Plaintiff has not shown that the Court erroneously concluded that he had failed to allege a *prima facie* case under the ADA.[1]

Next, with regard to his worker's compensation claim, Plaintiff also relies on the recitation of his medical care to support his argument that he is unable to work, and that Defendant's firing of him was in retaliation for Plaintiff applying for worker's compensation.  Again, Plaintiff has not shown how the Court erred when deciding to dismiss his worker's

---

[1] The ADA was not designed to compensate individuals who hurt themselves at work.  Rather, the ADA was enacted to vindicate the rights of individuals who are disabled but capable of performing their jobs.  Under the ADA, a "qualified individual" with a "disability" is one "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."  42 U.S.C. § 12111(8).  Even though the Court accepts as true the extent of Plaintiff's shoulder injury, the fact that Plaintiff states in his motion for reconsideration that he is currently unable to work evidences that Plaintiff does not have an ADA claim, since he admits that he cannot "perform the essential elements of" his job.

compensation retaliation claim.  The Court dismissed this claim because Plaintiff failed to allege any discriminatory or retaliatory conduct against Defendant.  His request for reconsideration does not shed any new light onto how Defendant allegedly retaliated against him for seeking worker's compensation.

The defects in Plaintiff's pleadings have not been cured in his motion for reconsideration, and Plaintiff has not shown that the Court erred in dismissing his ADA and worker's compensation claims based on these defects.  Consequently, Plaintiff's motion must be denied.


Dated: January 2, 2008                s/ Noel L. Hillman

At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.

5